UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Criminal Action No.   99-cr-00317-RPM
Civil Action No.  03-cv-00980-RPM - 04-cv-01945-RPM

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.

ABEL SAENZ,

       Defendant/Movant.

## ORDER OF DISMISSAL

On May 29, 2003, Abel Saenz filed a motion under 28 U.S.C. § 2255 to vacate the sentence imposed by this Court on August 18, 2000, of 159 months imprisonment upon his plea of guilty to one count of conspiracy to distribute or possess within intent to distribute 500 grams or more of cocaine. This Court denied the motion and on appeal the Tenth Circuit Court of Appeals on May 12, 2004, affirmed the denial with the exception of the defendant's claim of ineffective assistance of counsel. On August 6, 2004, this Court entered an order directing the defendant to file all exhibits, affidavits and other factual support for this Court to consider as to that claim, as required by the Mandate. September 20, 2004, was set as the date for compliance.

On August 30, 2004, Abel Saenz filed a motion for an emergency restraining order, asserting that he was unable to comply with the Court's order because he had been denied access to his legal documents. The defendant also filed a motion for extension of time to comply on August 30, 2004, and a motion for appointment of

counsel on September 7, 2004. On that date Mr. Saenz also filed a motion for leave of court to conduct discovery. On September 21, 2004, Mr. Saenz filed a motion for evidentiary hearing. Additionally, on September 21, 2004, Mr. Saenz filed a memorandum of law with additional facts and exhibits in support of his claim of ineffective assistance of counsel. This Court appointed Robert S. Berger to represent Mr. Saenz on October 4, 2004.

On August 24, 2005, Mr. Berger filed a motion for an evidentiary hearing to hear testimony from Mr. Saenz, Donald Lozow, Charles Elliott and Robert Troyer.

On August 5, 2005, Mr. Saenz submitted to the Court a letter dated July 18, 2005, expressing his dissatisfaction with the representation of him by Mr. Berger. Attached to that submission was a letter from Mr. Berger to Mr. Saenz dated June 22, 2005, in which Mr. Berger explains his approach to requesting an evidentiary hearing.

An evidentiary hearing was scheduled for November 8, 2005, and the defendant was brought to the court pursuant to a writ of habeas corpus ad testificandum. The requested witnesses were present as were counsel for the Government, Assistant United States Attorneys Gregory Rhodes and Wayne Campbell. At the beginning of the hearing Mr. Berger addressed the Court, explaining that Mr. Saenz wanted a continuance and for representation by different counsel. The Court called upon the defendant himself who said that he had not had enough time to communicate with Mr. Berger, there were disagreements with counsel on how to proceed and that he, Mr. Saenz, did not have his papers with him. Over the Government's objection the Court entered an order continuing the hearing to a time to be scheduled. On November 28, 2005, Mr. Berger filed a motion to withdraw as counsel for the defendant, as Mr. Saenz

requested. The Court granted that motion, consistent with the defendant's *pro se* motion to dismiss counsel of record, filed November 29, 2005.

On January 13, 2005, Abel Saenz filed a motion to run his federal sentence concurrently with a state sentence. This Court does not have the authority to grant that request.

This Court scheduled the evidentiary hearing requested by Mr. Berger and the defendant on November 8, 2005, to provide a full and fair opportunity to hear and consider the claims of ineffective assistance of counsel in this matter. The inability to proceed with that hearing because of the defendant's insistence upon a continuance has frustrated the effort to comply with the Mandate to determine whether there is any basis for relief from the judgment and sentence. Rather than again scheduling a hearing, the papers that have been filed in this matter have again been reviewed to determine whether Abel Saenz has set forth any factual basis to support the generalized contentions he has made that he did not have effective assistance of counsel. Mr. Saenz does not claim factual innocence of the charge to which he pleaded guilty. All of his contentions relate to the fact that because of his prior record of criminal convictions, his initially expected sentence of 60 months confinement was not an option for the Court because of the requirements of an enhanced sentence based on prior convictions. The allegations concerning conflict of Mr. Lozow with the representation of others by Mr. Charles Elliott all would relate to the defendant's having effective assistance of counsel at trial. Those contentions are irrelevant to the plea agreement and sentence. Mr. Lozow did not represent Abel Saenz at the sentencing

hearing. Michael Root was appointed for that purpose and did provide adequate representation for Mr. Saenz. The Tenth Circuit Court of Appeals previously affirmed, on direct appeal, the defendant's sentence and denied his contentions that the plea was not knowing and voluntary. Despite having had ample opportunity to submit support for these vague claims of ineffective assistance of counsel and despite the full opportunity to proceed with the evidentiary hearing, Mr. Saenz simply has refused to proceed in this matter with providing any support for his claims. The record before this Court, including the *pro se* submissions, do not demonstrate any basis for relief from the sentence imposed based upon a knowing and voluntary plea of guilty. It is now

ORDERED that the motion for relief under 28 U.S.C. § 2255 is denied and this civil action is dismissed.

DATED: January 26th, 2006.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge

4

## CERTIFICATE OF SERVICE

Re: Case No. 99-cr-00317-RPM

    The undersigned certifies that a copy of the foregoing Order was served on January 26, 2006, by depositing the same in the United States Mail addressed to:

Abel Saenz #29129-013
Big Springs - FCI
1900 Simler Ave.
Big Spring, TX 79720-7799

Robert Berger
1408 Oneida St.
Denver, CO 80220-2949

                                            GREGORY C. LANGHAM, CLERK

                                                s/J. Chris Smith
                               By _____
                                                  Deputy